# UNITED STATES OF COURT OF APPEALS FOR THE TENTH CIRCUIT

ANTHONY CARLYLE THOMPSON,

**Plaintiff-Appellant**

v.                                                                      No: 23-3103

GLEN VIRDEN, et al...

**Defendant-Appellees**

---

ALBERT DEWAYNE BANKS,

    **Plaintiff-Appellant,**

v.                                                                      No: 23-3102

STEVEN OPAT et al...,

**Defendant-Appellees**

## REQUEST FOR PANEL REHEARING AND OR REHEARING EN BANC

Comes Now the petitioner respectfully with a request for panel rehearing or in the alternative rehearing en banc. Petitioner respectfully states the following in support of his request.

## INTRODUCTION AND RULE 35(b)(1) STATEMENT

Ordinarily, for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains. Walker v. City of Orem, 451 F.3d 1139, 1151

1

(10th Cir. 2006). It is not necessary, however, to find cases that are "fundamentally similar" or even "materially similar," because "officials can still be on notice that their conduct violates established law even in novel factual circumstances. Hope v. Petzer, 536 U.S. 730, 741 (2002). The "salient question... is whether the state of the law [at the time of the actions] gave respondents fair warning that their [conduct] was unconstitutional?

What happened to the petitioner in this case is more a product of his prose status and his inability to clearly present the issues to the panel. The prose petitioners' lack of clarity resulted in the panel maybe overlooking or more likely than not misconstruing the two major factual issues presented on appeal prior to rendering its decision. The two factual issues presented were did the district court err in holding good faith without addressing the facts relevant to the law from the elements of the use and disclosure of the unlawful communications? See Opening Br. At 7-11. Second did the district court misapply the facts to the Workman panel decision when United States v. Mcnulty is on point precedent? Id at 12-16. The panel decision upheld the district court's summary judgment good faith decision without addressing how the undisputed facts from the record justified its decision. See Thompson v. Virden, 23-3103 (10th Cir. June 11, 2024). The petitioner argues that had the panel applied the facts from the record to the law from this circuit the good faith decision could not be upheld without contradicting binding precedent from this Court's summary judgment jurisprudence. It is highly possible that the decision as it stands today violates the petitioner's due process right to be heard.

If the panel foregoes rehearing, then the full panel must step in and grant en banc consideration. This is because the majority decision when applying the facts from the record contradicts both Tenth Circuit and Supreme Court precedent. The omitted facts from the record to the panel decision further muddles this Court's standards for summary judgment. There are

2

over 400 million cell phone devices in the United States. See Carpenter v. United States, 585 U.S 296 (2018). There were 3,576 wiretaps reported in the year of 2013 with 1476 reported by federal judges and 2100 reported by state judges. See www.uscourts.gov/statistics/wiretap-report-2013. The statutory protections from Title III are meant to be a rarely use investigative tool. See Gelbard v. United States, 408 U.S 41, 48 (1972) (protection of privacy "an overriding congressional concern" in enacting federal wiretapping statute). The need for particularity and evidence of reliability in the showing required when judicial authorization of a search is sought is especially great in the case of eavesdropping. By its very nature eavesdropping involves an intrusion on privacy that is broad in scope. Berger v. New York, 388 U.S. 41, 56 (1967) Indeed, "[f]ew threats to liberty exist which are greater than that posed by the use of eavesdropping devices." *Id.* at 63, 87 S.Ct. at 1885.

If defendants are allowed under the guise of good faith to ignore binding precedent and the statutory instructions Congress placed upon them then Title III of the wiretap act would be rendered toothless. The errors require a panel rehearing or the full Court's intervention, not only to secure uniformity in the Court's decisions but also due to the gravity of the injustice the panel decision would inflict on the petitioner and its importance to others seeking to vindicate constitutional rights. Id. Fed. R. App. P 35(a),(b)(1).

**Background**

**Claim Against the Prosecutor**

The panel found that the petitioner raised two issues which were forfeited because both issues were not raised in the district court. See Thompson v. Virden, 23-3103 (10th Cir. June 11, 2024 at * 3-4). Upon review it is apparent that in his opening brief petitioner cited Doc. 178

3

erroneously thinking that was his response to Opat's summary judgment in the district court. See Banks Opening Br. At 17-18. The correct citation to the district court is in petitioner's response to summary judgment Doc. 200 in the district court record. See District Court Doc. 200 (Banks response to Opat's summary judgment). Petitioner in his response to summary judgment in the district court raised the exact argument which he raised in his opening brief. See District Court Doc. 200 at 18-22 (arguing against absolute immunity and qualified immunity citing the same cases from the opening brief). Petitioner did not forfeit his argument in the district court but cited Opat's summary judgment motion instead of his response to Opat's summary judgement. The statemen of facts cited in the opening brief are located in Doc. 200 at pg 2-5 from the District court record. While the law from the opening brief cited by the petitioner is correctly located in Doc. 200 at pg 18-22. Petitioner request rehearing on this issue.

## **OMITTED FACTS FROM THE PANELS DECISION ARGUED**

## **BY PETITIONER IN OPENING APPEAL BRIEF**

I. **There Is No Court Order From The State District Judge Authorizing The Evidence To Be Used or Disclosed For Evidence of Federal Crimes**

In his opening brief the petitioner explained that his amended complaint charged the defendants with the distinct elements of the unlawful interception, use and disclosure of communications in violation of the state of Kansas and Federal Wiretap Act. See Opening Br. At 8 (*citations to district court record omitted*)( all citations for opening brief from this point forward are for Thompson's Opening Brief for simplicity but equally apply to Banks). The petitioner argued the District Court erred when it failed to address the use and disclosure claim individually based upon the undisputed facts from the record prior to rendering its good faith

4

opinion. Id. The opening brief cites declarations from the record of appeal proving the State District Court Judge's wiretap authorization only authorized the defendants to use or disclose evidence which was relevant to crimes committed against the State of Kansas. Id at 10-11.

The petitioner took issue with the fact that the defendant's stumbled across wiretap evidence of violations federal crimes and disclosed that evidence to federal authorities without obtaining a subsequent order and authorization as required by law. Id. Petitioner also filed a declaration which stated the only evidence authorized to be used and disclosed pursuant to the state wiretap order were for those of state crimes. Id. Petitioner's declaration likewise cited the defendants used and disclosed evidence from the state wiretap orders to further proceedings regarding federal crimes which were distinct from the Kansas crimes authorized within the state wiretap order. Id. The petitioner's position was that under the law from this circuit there was no evidence of a subsequent wiretap order which allowed the defendants to disclose that information to federal authorities for evidence of federal crimes. Id at 10. Petitioner finally explained that this Court has held "where law enforcement intercept communications relating to other crimes than those specified in the order, he must obtain judicial permission before disclosing those communications, or evidence derived therefrom in a proceeding". Id at 9 (citing *United States v. Levy, 905 F.2d 326, 329 (10th Cir. 1990)*. Petitioner cited in his declaration based on personal knowledge from witnessing dozens of pretrial and post-trial proceedings that evidence from calls and text messages were forwarded from the defendants to federal law enforcement agencies. Opening Br. At 9 (citations omitted). Stated more clearly there is no court order authorizing the defendants to use and disclose the evidence to federal authorities for federal crimes therefore the panel decision holding defendants relied in good faith on a court

5

order is possibly flawed under this Court's binding precedent from United States v. Levy, 905 F.2d 326, 329 (10th Cir. 1990).

### *A. The Omission of the Undisputed Facts From the Opening Brief Had A Direct Impact on the Panels Good Faith Holding And Is Devastating To Petitioner's Right To Being Protected By The Constitution*

The panel held the lower court was correct in applying good faith because the officers relied on the court order under 18 U.S.C 2520(d)(1). See Thompson v. Virden, 23-3103 (10th Cir. June 11, 2024 at * 4). The panel is correct that the statute gives officers a good faith reliance on a court order. Id. The critical issue raised in the opening brief was that the district court failed to address the use and disclosure elements independently in its order. See Opening Br. At 11 *(explaining the district court ignored the entire use and disclosure claim)*. 18 U.S.C 2520 has a distinct section of authority which brings violations for unlawful use and disclosure. Section 18 U.S.C. 2520(g) states it is a violation for "any *willful disclosure or use by an investigative or law enforcement officer or governmental entity of information beyond the extent permitted by section 2517 is a violation of this chapter for purposes of section 2520(a)"*. Section 18 USC 2517 (5) explains that when officers encounter evidence from crimes not named in the authorization or order then officers must obtain a subsequent order from a judge of competent jurisdiction stating that the contents were otherwise intercepted in accordance with the law. See 18 U.S.C 2517 (5). The panel's decision just has the district court omitted any mention of how the use and disclosure claim applied to the facts from the record to the good faith holding. See Thompson v. Virden, 23-3103 (10th Cir. June 11, 2024). The opening brief explained that in the summary judgment record there was no dispute to petitioner's declaration, nor any evidence presented of a subsequent court order allowing defendants to disclose evidence to federal

6

authorities for evidence of federal crimes. See Opening Br. At 5 ("the district court failed to consider how the undisputed facts surrounding the use and disclosure claim applied to the relevant law"); Id at 8 (citing declaration "the only crimes authorized to be used and disclosed pursuant to the wiretap orders state of Kansas crimes. The defendants used and disclosed interceptions to further proceedings regarding federal crimes which were distinct from those state crimes authorized in the state order"). The opening brief went on the explain that 18 U.S.C 2517 (5) the subsequent application prior to disclosing the evidence to federal authorities. Id at 8.

The panel must grant rehearing to apply the facts from the record in petitioners opening brief that argued the district court failed to address the use and disclosure claim which has distinct elements from the interception prong. Opening Br. At 7-11. No panel can overrule another panel decision. See United States v. Zapata, 997 F.2d 751, 759 n. 6 (10th Cir. 1993). The panel must protect petitioner's due process of law right to be heard.

***II. The Panel Must Grant Rehearing Because Workman Fails to Address State Issued Wiretaps Plus Its Decision Omitted The Opening Brief's Second Primary Issue That United States v. McNulty is On Point Binding Precedent Relevant To State Wiretap Evidence Being Disclosed to Federal Proceedings***

The petitioner in issue two of his opening brief argued that the district court erred when it failed to consider how United States v. McNulty, 729 F.2d 1243 (10th Cir. 1983) applied to the facts from the record in making its good faith determination. See Opening Br. At 11-15. The petitioner argued that McNulty was on point precedent which applied directly to admissibility of state issued wiretap evidence being used in federal court. Id. The issue of state issued wiretap evidence being used in federal court is the exact issue which is relevant today.

7

The district court ignored this Court's precedent on state issued wiretaps orders admissibility in federal courts and instead applied United States v. Worman, 863 F.3d 1313 (10th Cir. 2017). Worman decided a similar jurisdiction issue but was related specifically to Rule 41(b). In the opening brief the petitioner cited facts from the record which if viewed in favor of the non-moving party would support this Court applying McNulty prior to making its summary judgment good faith determination on the admissibility evidence from state issued wiretaps in federal court. Opening Br. At 11-16 (citations to the record omitted). The panel omitted any reference to why McNulty would not apply instead of Workman's Rule 41(b). See Thompson v. Virden, 23-3103 (10th Cir. June 11, 2024). The panel's omission of petitioner's McNulty issue violates his due process right to be heard by the Court.

### A. *The Undisputed Facts From The Opening Brief Support A Finding That A Jury Could Based On The Record Reject The Defendant's Good Faith Defense*

In the petitioner's opening brief he explained to the court the defendant's authorized the order themselves. See opening Br. At 14. One defendant made a declaration that the defendants signed the order to show they knew the terms of the order and the interceptions were to occur outside the court's jurisdiction. Id at 13. The petitioner's opening brief also cited that McNulty held that this Court held to determine the admissibility of a state order being used in federal court a federal court must turn to the state wiretap law to determine whether the evidence is admissible. In the opening brief turned to the relevant state law and explained that State v. Adams, 2 Kan. App. 2d. 135, 138, 576 P.2d 242 (1978), holds that a district judge lacks authority to issue wiretap orders outside the judicial district in which the judge sits. Id at 14. The petitioner explained that the defendants knew or should have known that signing the initial order was unlawful under precedent namely McNulty and Adams. Id. The opening brief went on to explain that this Court's

precedent holds that there is no good faith under Title III for a mistake in the law. Opening Br. at 16 (citing Heggy v. Heggy, (944 F.3d 1637, 1542 (10th Cir. 1991)). The petitioner cited Heggy to the panel argue under McNulty and Adams defendants could not rely on their mistake of the law as a good faith defense. Opening Br. At 16 (citations omitted). The decision from the panel mistakenly held the facts from Heggy was similar to the current case. See Thompson v. Virden, 23-3103 (10th Cir. June 11, 2024 at * 6). The petitioner never argued the facts from Heggy was similar to the current case. The petitioner argued the holding from Heggy when applied to the facts from the case combined with the law from McNulty and Adams would cut against the defendant's good faith. Opening Br. At 16. The panel decision which failed to acknowledge how precedent from McNulty and Adams applied to the facts from the case must be reviewed.

***III. En Banc Reconsideration Must Be Granted Because When Reviewing The Facts From The Appeal In Favor Of The Non-Moving Party The Panel Decision Conflicts With Binding Tenth Circuit And Supreme Court Precedent***

**Relevant Law**

The Supreme Court has explained where police "exhibit deliberate, reckless or grossly negligent disregard for Fourth Amendment rights, "the good faith exception to the exclusionary rule does not apply. See Davis v. United States, 131 S.Ct. 2419, 2427 (2011). The same standard of objective reasonableness from the "good faith" exception to the exclusionary rule applies in the qualified immunity context. See Messerschmidt v. Millender, 132 S.Ct. 1235, 1245 & n.1 (2012). This Court also applies the same objective reasonableness standard from the leon context to qualified immunity appeals. See Davis v. Gracey, 111 F.3d 1472, 1480 (10th Cir. 1997).

Summary judgment is appropriate only when the evidence, construed in light most favorable to the nonmoving party, shows there is no genuine issue of material facts and the moving party is entitled to judgment as a matter of law. See Maughan v. SW Serving, 758 F.2d 1381, 1387 (10th Cir. 1985). In applying these standards, this Court has construed all facts and reasonable inferences therefrom in light most favorable to the non-moving party.

### A. Petitioner's Position Based on The Facts From The Record Which Support En Banc Consideration.

The petitioner cited numerous facts which if all reasonable inferences and facts are construed in favor of the non-moving party would warrant reversing the panel decision to ensure comradery with this Court's and Supreme Court precedent. The panel failed to address the declarations of facts that there is no court order allowing the defendants to use or disclose the wiretap evidence to federal authorities for federal law violations. See Opening Br. At 7-12. The petitioner requested in his opening brief the Court to review the district court's failure to address the use and disclosure claim under 18 U.S.C 2517 (5). Id. The panel in its decision found the defendants relied in good faith on a court order. See Thompson v. Virden, 23-3103 (10th Cir. June 11, 2024). But the declarations of facts show that there was no subsequent court order presented which authorized the defendant's use and disclosure to federal authorities for federal law violations.

The panel decision also did not consider whether the facts from the record showed the defendants conduct could be considered to exhibit deliberate, reckless, or grossly negligent disregard for the Fourth Amendment. See Davis v. United States, 131 S.Ct. 2419, 2427 (2011). Petitioner explained that there was on point precedent from this Court which governed the admissibility of state issue wiretap evidence being used in federal proceedings.

See Opening Br. At 12-16. The panel held in favor of the district court's application of Workman's Rule 41(b) decision to the instant case without referencing why United States v. McNulty, 729 F.2d 1243 (10th Cir. 1983) was not on point precedent to the state issued wiretap order. See Thompson v. Virden, 23-3103 (10th Cir. June 11, 2024). Further the Workman decision relied on by the panel did not issue until 2017 while McNulty the on point precedent which gave defendant knowledge that their actions were unlawful was issued in 1983. The State v. Adams, 2 Kan. App. 2d. 135, 138, 576 P.2d 242 (1978), case which alerted the defendants of the jurisdictional defect was pronounced in 1978. The Workman panel had no authority to overturn the rule established in McNulty without en banc reconsideration. In short, it is almost axiomatic that one panel of this court cannot overrule another panel. See United States v. Zapata, 997 F.2d 751, 759 n. 6 (10th Cir. 1993).

Further there are a number of other facts cited in the reply brief which if viewed in favor of the non-moving party would leave to question this Court's application of the defendant's good faith reliance on the court order. If anything the facts conclude that is possible the defendant's actions were reckless, or negligent. Under Supreme Court and Tenth Circuit precedent good faith cannot be applied in these types of situations. .See Davis v. United States, 131 S.Ct. 2419, 2427 (2011); Davis v. Gracey, 111 F.3d 1472, 1480 (10th Cir. 1997). When the phone carrier received the wiretap order it contained the defendant's signature on the order. See Reply Br. At 1-4 (citations to record omitted). The state district court judge testified that he relied on the law enforcement defendants to explain to him the details with the software hardware issues and how the process would work. Id. The defendants also declared that they either did not read the order prior to signing or did not make a conscious evaluation at the time they signed the order. Id. Although the judge signed the order on March 6, the wiretap order was not issued for execution

to the phone carriers until March 7 and the order contained signatures from over 60 officers including the judge. Id. The petitioner's declaration was made based on his personal knowledge of participating in the pretrial and post-trial proceedings. Id. The judge and all defendants were well aware the interceptions would take place in a place outside the jurisdiction prior to signing the order. Id. None of the evidence supports the conclusion that any defendant researched the relevant wiretap law prior to using the information. Id. If panel rehearing is not granted then en banc reconsideration must be granted to ensure the proper summary judgment standards of facts from the record are applied viewing the facts in favor of the non moving party and to ensure the panel decision complies with Tenth Circuit and Supreme Court precedent.

## Conclusion

The panel did not consider the facts presented in the appeal or how the law related to those facts affected its decision to apply the defendant's good faith reliance on the order. Either Panel Rehearing or En Banc reconsideration must be granted to ensure the opinion addresses the facts from the appeal and complies with binding precedent from both this Court and the Supreme Court.

I hereby certify pursuant to 28 USC 1746 I, Albert Banks, placed a copy of this document in the first-class mail on June 24, 2024, via United States Postal Service and request all parties including the entire Tenth Circuit Court of Appeals Circuit Judge members be sent an electronic copy.

Albert Banks

1404 Baltz

Joliet, Illinois 60431